**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Dale Heitzman, | CIVIL FILE NO.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Brachfeld Law Group, P.C., *a foreign professional corporation*, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1.  This action arises out of the Defendant's violations of the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.

    § 1692k(d).

3.  Venue is proper in this District because the acts and transactions occurred here,

    Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff Dale Heitzman ("Heitman" or "Plaintiff") is a natural person residing in

    the County of Benton, State of Minnesota, and is a "consumer" as that term is

    defined by 15 U.S.C. § 1692a(3).

5.  Defendant Brachfeld Law Group, P.C. ("Brachfeld" or "Defendant"), upon

    information and belief, is a foreign professional corporation that operates as a debt

collection agency from an address of 100 East Campus View Boulevard, Suite 225, Columbus, Ohio 43235. Brachfeld is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.   Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.   The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.   Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before August 2010.

9.   On or about December 8, 2010 and continuing through December 16, 2010, Brachfeld communicated with Plaintiff by leaving scripted telephonic messages in an attempt to collect this debt. Each telephonic message was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.   In these scripted telephonic messages, Brachfeld violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Brachfeld did not "meaningfully disclose" its identity and that Brachfeld is a debt collector calling to collect a debt. Brachfeld also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because Brachfeld failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

11.     Specifically, for example, Brachfeld left the following scripted voicemail on or about December 8, 2010: "This message is for Dale Heitzman. This is Joe Raybaun. I'm calling from the Brachfeld Law Group. This is not a sales or solicitation call. Our offices were retained in regards to file number 10297041. I need to hear back from you or your legal representation as soon as possible. I will be in my office until 7:00 pm central. My number is toll free 866-837-4402. My extension is 6142. Thank you." End of message.

12.     On or about December 16, 2010, Brachfeld left the following scripted voicemail message for Plaintiff: "This is Joe Raybaun calling from the Brachfeld Law Group. Um, I need you or your legal representation to call me back by 7:00 pm central time today. Um, I do have a time sensitive matter here on my desk with your name associated. I'd like to get this file [inaudible] as soon as possible. My number here is toll free 866-837-4402. My extension is 6142. Again, my name is Joe Raybaun. I'm calling from Brachfeld Law Group. Um, your file number with my office is 10-297041. Thank you." End of message.

13.     The aforementioned communications also violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(7), and 1692e(10).

14.     Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Brachfeld.

15.     Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Brachfeld's acts and omissions.

*Respondeat Superior Liability*

16. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Brachfeld.

17. The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Brachfeld in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant's employee(s) were motivated to benefit their principal, Brachfeld.

19. Defendant Brachfeld is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

21.   Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

22.   The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

23.   As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24.   As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25.   As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  January 13, 2011.                       **MARSO AND MICHELSON, P.A.**

By:    s/Patrick L. Hayes
         Patrick L. Hayes (0389869)
         William C. Michelson (129823)
         Attorneys for Plaintiff
         3101 Irving Avenue South
         Minneapolis, Minnesota 55408
         Telephone: 612-821-4817
         phayes@marsomichelson.com

6